[Cite as *State v. Hill*, 2010-Ohio-4871.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                          )
                                        )       CASE NO. 09 MO 3
     PLAINTIFF-APPELLEE,                )
                                        )
    - VS -                              )       OPINION
                                        )
RICHARD F. HILL,                        )
                                        )
     DEFENDANT-APPELLANT.               )


CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 2008-164.


JUDGMENT:                        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Kent L. Reithmiller
                                 Prosecutor Attorney
                                 Attorney Thomas Hampton
                                 Asst. Prosecutor
                                 P.O. Box 430
                                 101 North Main Street
                                 Woodsfield, OH  43793

For Defendant-Appellant:         Attorney Mark Morrison
                                 Public Defender
                                 117 North Main Street
                                 Woodsfield, OH  43793-1002

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


                                 Dated:  September 29, 2010

DeGenaro, J.

{¶1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-appellant, Richard F. Hill appeals the April 24, 2009 decision of the Monroe County Court of Common Pleas, imposing a sentence of three years of community control after accepting Hill's no contest plea to one count of attempted disruption of public services, in violation of R.C. 2909.04 and R.C. 2923.02.

{¶2} Hill argues that the language of R.C. 2909.04(A)(3) addresses interference with public emergency systems themselves and does not address interference with the use of a private telephone or mobile telephone. Hill concludes that his act of throwing Leslie Pittman's mobile phone during a domestic dispute could not constitute a violation of R.C. 2909.04.

{¶3} The record indicates that Hill seized Pittman's mobile phone as she was in the process of calling the police, and threw the phone into a neighbor's lawn where it was not able to be located until the following day. Pursuant to the Ohio Supreme Court's recent decision in *State v. Robinson*, 120 Ohio St.3d 76, 2009-Ohio-5937, 919 N.E.2d 190, Hill's conduct constituted tampering with Pittman's property for purposes of R.C. 2909.04(A), and Hill's conduct also constituted a substantial impairment of law-enforcement's ability to respond to Pittman's intended emergency call. As Hill's conduct constituted a disruption of public services as a matter of law, and thus also constituted an attempted disruption of public services, we affirm the judgment of the trial court.

### Facts and Procedural History

{¶4} Hill was indicted on May 16, 2008 and charged with domestic violence, a fourth degree misdemeanor in violation of R.C. 2919.25(C), and disrupting public services, a fourth degree felony in violation of R.C. 2909.04. Hill entered a plea of not guilty.

{¶5} The State moved for a temporary restraining order against Hill. In the affidavit in support of the motion, Pittman averred the following: "On or about the 4th of May, 2008, [Hill] did stab a knife in to a table in a manner threatening to his live-in girlfriend, Leslie Rene Pittman, and did take a cell phone from Leslie Rene Pittman's

hand when she was attempting to contact law enforcement." The trial court granted the TPO.

{¶6} Hill moved for the State to provide discovery and a bill of particulars. In response, the police provided a copy of Hill's complete file, which the State stated would satisfy both of Hill's requests, and included pictures of the scene of the incident, police statements taken from everyone interviewed, Hill's Miranda waiver and statement, police reports summarizing the incident, a custody arrest statement indicating that Hill was charged with a violation of R.C. 2909.04(A)(3) and R.C. 2919.25(C), 2909.04(A)(3) Hill's computerized criminal history, and the daily phone log of the police on the date of the incident.

{¶7} The police statements made by both Pittman and Hill confirm that there was a dispute between the parties at approximately 2:45 a.m., that Hill left for approximately 30 minutes and returned, and that the dispute continued. Hill brandished a knife in some manner and stabbed it into a coffee table. Pittman attempted to use her cell phone, and Hill took her cell phone from her when she said she was calling the police. Hill attempted to block Pittman from leaving the house, but Pittman eventually escaped and went to a neighbor's house to call the police. Pittman's statement also alleges that she locked Hill out of the house when he left for 30 minutes, and that he broke through a screen window to regain access into their home. A neighbor found Pittman's mobile phone in his yard the next day. The neighbor's police statement indicated that he lived across the street from Hill and Pittman's residence, and that the mobile telephone did not appear to be broken.

{¶8} Hill filed a motion to dismiss the indictment, arguing that throwing Pittman's mobile telephone during their dispute did not constitute a violation of R.C. 2909.04, pursuant to the Third District's decision in *State v. Robinson*, 177 Ohio App.3d 560, 2008-Ohio-4160, 895 N.E.2d 262. The trial court denied Hill's motion, noting that various other districts have held that certain actions preventing a person from using a private telephone to contact emergency services may constitute a violation of either R.C. 2909.04(A)(1), or R.C. 2909.04(A)(3), thus Hill's actions fell within the conduct prohibited by R.C. 2909.04.

{¶9} Hill subsequently entered a plea agreement with the State. At the hearing, Hill pleaded no contest to an amended charge of a fifth degree felony violation of attempting to disrupt public services, the State dropped the charge of domestic violence, and recommended a sentence of three years of community control. The parties discussed a conflict among the Ohio courts of appeals regarding the application of R.C. 2909.04, and noted that Hill pleaded no contest in order to be able to address this uncertainty in the law in an appeal. Subsequent to a pre-sentence investigation and sentencing hearing, the trial court imposed a sentence of three years of community control sanctions.

## Disruption of Public Services

{¶10} In his sole assignment of error Hill asserts:

{¶11} "Does the damaging of a single private telephone or cellular telephone disrupt 'public services' sufficiently to constitute a violation of R.C. 2909.04(A)(3)."

{¶12} Hill argues that his act of throwing Pittman's mobile phone did not constitute a violation of R.C. 2909.04(A)(3). Because Hill pleaded no contest to the charge, he has admitted all alleged facts as true, and asks this court to determine whether those facts constituted a violation of R.C. 2909.04(A)(3) as a matter of law. Crim.R. 11(B)(2).

{¶13} R.C. 2909.04, disrupting public services, states in pertinent part:

{¶14} "(A) No person, purposely by any means or knowingly by damaging or tampering with any property, shall do any of the following:

{¶15} "(1) Interrupt or impair television, radio, telephone, telegraph, or other mass communications service; police, fire, or other public service communications; radar, loran, radio, or other electronic aids to air or marine navigation or communications; or amateur or citizens band radio communications being used for public service or emergency communications;

{¶16} "(2) Interrupt or impair public transportation, including without limitation school bus transportation, or water supply, gas, power, or other utility service to the public;

{¶17} "(3) Substantially impair the ability of law enforcement officers, firefighters,

rescue personnel, emergency medical services personnel, or emergency facility personnel to respond to an emergency or to protect and preserve any person or property from serious physical harm.

{¶18} "(B) No person shall knowingly use any computer, computer system, computer network, telecommunications device, or other electronic device or system or the internet so as to disrupt, interrupt, or impair the functions of any police, fire, educational, commercial, or governmental operations.

{¶19} "(C) Whoever violates this section is guilty of disrupting public services, a felony of the fourth degree."

{¶20} Although the indictment, plea and sentencing entry did not specify which division of R.C. 2909.04 was charged against Hill, his argument on appeal only addresses the application of R.C. 2909.04(A)(3).

{¶21} Hill cites to *Robinson*, 177 Ohio App.3d 560, 2008-Ohio-4160, 895 N.E.2d 262, but notes that the Ohio Supreme Court certified a conflict between the Third District's decision in *Robinson* and the holdings of similar cases in the Second, Fifth and Eighth Districts: *State v. Thomas,* 2d Dist. No. 19435, 2003-Ohio-5746; *State v. Johnson,* 8th Dist. Nos. 81692 and 81693, 2003-Ohio-3241; *State v. Yoakum*, 5th Dist. No. 01CA005, 2002-Ohio-249; and *State v. Brown* (1994), 97 Ohio App.3d 293, 646 N.E.2d 838 (8th Dist.). *State v. Robinson*, 120 Ohio St.3d 1451, 2008-Ohio-6813, 898 N.E.2d 966 (Table).

{¶22} Subsequent to Hill briefing this issue, the Ohio Supreme Court reversed the Third District's decision in *Robinson*. *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, 919 N.E.2d 190, syllabus. The decision noted that the reference to "damaging or tampering with any property" in R.C. 2909.04(A) includes property such as a private telephone or a mobile telephone. Id. at ¶29. Once it is determined that a defendant damaged or tampered with a victim's telephone, the next consideration is whether that act "substantially impairs the ability of law-enforcement officers, firefighters, rescue personnel, emergency-medical-services personnel, or emergency-facility personnel to respond to an emergency or to protect and preserve any person or property from serious

physical harm" in order to constitute a violation of R.C. 2909.04(A)(3). Id. at ¶32.

{¶23} In *Robinson*, the defendant smashed the victim's telephone, destroying it. Id. at ¶8. Here, Hill did not destroy Pittman's phone, but merely threw it. The neighbor who found the telephone the following day reported that he found it in his yard, across the street from the victim, and that the phone appeared to be in working order. Hill generally argues that it is unreasonable to conclude that the act of merely throwing a telephone could constitute a fourth degree felony.

{¶24} However, under certain circumstances, the act of throwing a telephone can constitute "damaging or tampering with any property" as a matter of law. For example, in *Yoakum*, supra, the defendant threw the victim's cordless phone during a dispute that occurred outdoors during daylight hours. *Yoakum* at *1. The impact dislodged the battery from the phone, but nothing indicates that the phone was damaged or impossible to locate. Id. The Fifth District concluded that such an act constituted disabling the telephone, which rendered the victim unable to initiate or receive contact, thus satisfying R.C. 2909.04(A). Id. at *2. In *Thomas*, *Johnson*, and *Brown*, supra, each defendant is described as having "pulled" or "ripped" the home telephone from the wall to take it. *Thomas* at ¶62; *Johnson* at ¶84; *Brown* at 296. However, even if each defendant had gingerly disconnected the telephone cord instead of ripping at it, the effect would have been the same; the victim was no longer able to access her personal telephone.

{¶25} Thus, the deciding factor in these cases is whether the defendant's conduct caused the victim to be unable to use that telephone. Here, Hill threw the telephone somewhere across the street from the parties' house in the dark of night, and the telephone was not located until the following day. Pittman would have been unable to locate the telephone and was thus unable to use it. These facts, as admitted by Hill's no contest plea, constituted tampering with Pittman's mobile telephone and could support a conviction for disruption of public services in violation of R.C. 2909.04(A)(3), and certainly supported a conviction for attempted disruption of public services.

{¶26} Unlike the defendant's argument in *Robinson*, Hill has only provided an argument regarding the applicability of R.C. 2909.04(A)(3) to the situation involving an

individual mobile telephone, and has not provided an argument whether "substantial impairment" applies to his act of throwing the telephone. Nonetheless, we will briefly address the issue.

**{¶27}** In *Robinson*, the victim was already in contact with 9-1-1 when Robinson destroyed the victim's mobile telephone, rendering the victim unable to provide complete information to the police. *State v. Robinson*, 124 Ohio St.3d 76, at ¶7-8, 38. However, the police were able to locate the scene from the information the victim had provided, as well as from a second telephone call from another party about their general whereabouts. Id. at ¶9-10, 39. Because the police did not know how many personnel were needed to respond, and had to search a neighborhood area instead of immediately going to the victim's precise location, the Ohio Supreme Court concluded that their ability to respond to the victim's emergency call had been substantially impaired. Id. at ¶37-44.

**{¶28}** Here, Pittman had not yet initiated contact with the police but was about to or was in the process of calling. Thus Pittman was unable to give any information, let alone partial information to the police before Hill took the telephone and threw it. Pittman was only able to call the police once she had left her house and used a neighbor's telephone. The facts here are an example of "substantial interference" that is even more straightforward than that of *Robinson*. Thus the conduct alleged in the indictment, information or complaint, and admitted by Hill's no contest plea, could support a conviction for disruption of public services in violation of R.C. 2909.04(A)(3), let alone a conviction for attempted disruption of public services.

**{¶29}** Accordingly, Hill's conduct satisfied the elements of R.C. 2909.04(A)(3) as a matter of law, and the trial court's finding of guilt for attempted disruption of public services was appropriate. The judgment of the trial court is affirmed.

Vukovich, P.J., concurs.
Waite, J., concurs.