[Cite as *State v. Galindo*, 2012-Ohio-3626.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 2011CA00258 |
| MIGUEL VALENTIN GALINDO | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2011CR1204


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      August 6, 2012


APPEARANCES:

For Appellant:                          For Appellee:

JACOB T. WILL                           JOHN D. FERRERO, JR.
116 Cleveland Ave. NW                   STARK COUNTY PROSECUTOR
Suite 808                               KATHLEEN O. TATARSKY
Canton, OH 44702                        110 Central Plaza South, Suite 510
                                        Canton, OH 44702-1413

*Delaney, J.*

{¶1}   Appellant Miguel Valentin Galindo appeals from his conviction upon one count of disrupting public services,[1] a felony of the fourth degree.   Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2}   Appellant and Maria Rodriguez have known each other for about seven years and have two minor children together.   Maria also has two minor children from another relationship, N.A. and A.A.   Appellant does not live at Maria's apartment in North Canton, but stayed there occasionally and did have a key to her apartment, which he would use to facilitate visits with his children.   Maria required appellant to call first before he came over.

{¶3}   This case arose on August 6, 2011, when appellant showed up at the apartment very early in the morning without advance notice.   Maria testified appellant was intoxicated and wanted to sleep with her, and became enraged when she said no.   She told him to leave.

{¶4}  A confrontation ensued at the door of the apartment.   Maria told appellant to leave or she would call the police.   They fought, pushing the door back and forth, and Maria's arm was struck and injured by the door.   Appellant was forced out of the apartment and then came back in through the front window.   The four minor children were in the living room and witnessed most of the incident.

---

[1] Appellant was also convicted of two counts of domestic violence, both misdemeanors of the first degree.   Those convictions are not at issue in this appeal.

{¶5}   At trial, Maria and appellant testified with the aid of Spanish-language interpreters.  Maria's son N.A. also testified about the events inside the apartment.

{¶6}   Maria testified appellant took a phone away from her when she attempted to call police, so she asked her son A.A. to call.  Appellant then took a phone away from A.A.  Further, "He took the phone away from [A.A.], then he threw it on the couch.  Then he took the phone, and he threw it outside."  (T. 106-107).  Appellant left the house with Maria's phone, and Maria and A.A. "pick[ed] up the one that was broken.  Then we went to the truck to get another phone and we put the chip to that one so we can call the police."  (T. 107-108).  Later during direct examination, appellee clarified the issue and asked Maria how the phone was broken; Maria responded, "When [appellant] threw it to the floor."  (T.110).

{¶7}   N.A. witnessed the incident.  N.A. testified appellant took a phone away from Maria and slapped a phone out of A.A.'s hands, breaking it.  Appellant also punched A.A.  Per N.A., once appellant left the scene, Maria and A.A. went outside to the truck "to get a phone she bought that was supposed to be for us, but then she found my SIM card outside that he dropped, put it in the phone and called the police." (T. 129).

{¶8}   Appellant testified on his own behalf.  He denied hurting Maria and A.A., but admitted taking the phone from Maria because he didn't want her to call police. He further admitted upon cross examination he took a phone from Maria and threw it down because he wanted to prevent her from calling 911.

{¶9}   Eventually A.A. did make contact with 911 and police were dispatched for a call of an active domestic violence incident.  Ptl. Harnack arrived at the

apartment and discovered Maria and A.A. waiting outside; Maria had visible injury to her right arm and A.A. had visible reddening to his left cheek. Ptl. Harnack observed and photographed the injuries, the broken window, and curtains. He also recovered the broken cell phone.

*Indictment and Conviction*

{¶10} Appellant was charged by indictment with one count of aggravated burglary [R.C. 2911.11(A)(1), a felony of the first degree], one count of disrupting public services [R.C. 2909.04(A)(1), a felony of the fourth degree], and two counts of domestic violence [R.C. 2919.25(A), both misdemeanors of the first degree]. Appellant entered pleas of not guilty and the case proceeded to trial by jury with the aid of Spanish-language interpreters. Appellant was acquitted of the most serious charge of aggravated burglary but was found guilty of disrupting public services and two counts of domestic violence.

{¶11} At sentencing appellee noted the existence of an I.C.E. holder which may subject appellant to deportation. The trial court sentenced appellant to a prison term of 14 months on the count of disrupting public services, concurrent with two terms of six months each on the domestic violence counts.

{¶12} Appellant now appeals from the judgment entry of conviction and sentence of one count of disrupting public services.

{¶13} Appellant raises one Assignment of Error:

{¶14} "I. THE APPELLANT'S CONVICTION FOR ONE COUNT OF DISRUPTING PUBLIC SERVICES IN VIOLATION OF R.C. 2909.04 WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

{¶15} In his sole assignment of error, appellant asserts that his conviction for one count of disrupting public services is against the manifest weight and sufficiency of the evidence.  We disagree.

{¶16} Appellant was charged by indictment with one count of disrupting public services pursuant to R.C. 2909.04(A)(1), which states in pertinent part: "No person, purposely by any means or knowingly by damaging or tampering with any property, shall do any of the following: [i]nterrupt or impair * * * telephone * * *service* * *." "Telephone service" includes both the initiation and receipt of calls.  *State v. Brown*, 97 Ohio App.3d 293, 301, 646 N.E.2d 838 (8th Dist.1994).  The destruction of even a single private telephone is enough to constitute a violation of R.C. 2909.04.  See, *State v. Thomas*, 2nd Dist. No. 19435, 2003-Ohio-5746.

{¶17} The statute is aimed at conduct which prevents a victim from using public services to seek emergency assistance.  For example, where a defendant grabs the victim's phone and throws it into a toilet, and then removes the battery from a second phone, such conduct "falls squarely within the types of behaviors the statute was designed to punish: he interrupted telephone use for emergency communications." *State v. White*, 2nd Dist. No. 21795, 2007-Ohio-5671, ¶ 15.

{¶18} Appellant asserts insufficient evidence was presented to establish the telephone he took away from A.A. was functional and further claims no evidence exists A.A. was attempting to use the phone when it was taken; he asserts his conviction is unsupported by the evidence because Maria was able to use another phone to eventually call police but no call was initiated before appellant left the scene.

In *State v. Yoakum*, we held appellee is not required to prove that an actual 911 emergency call was in progress when the telephone was disabled by the defendant throwing it against the wall. 5th Dist. No. 01CA005, 2002-Ohio-249, at *2, citing *State v. Brown*, 97 Ohio App.3d 293, 301, 646 N.E.2d 838 (8th Dist.1994).

{¶19} Appellant infers, however, a further requirement that appellee must establish the phone was functional before appellant destroyed it. We find no such requirement in the statute or the case law. Moreover, both Maria and N.A. testified appellant broke the phone they were attempting to use. "The statute prohibits purposeful or knowing damaging or tampering with property that interrupts or impairs telephone service." *State v. Thomas*, 2nd Dist. No. 19435, 2003-Ohio-5746, ¶ 62.

{¶20} Ptl. Harnack testified the phone recovered from the scene that night was broken. (T.146-147). Appellant himself admitted he took the phone from A.A., and took it with him, because Maria said she was going to call the police and he wanted to prevent her from doing so. (T. 170-171). Appellant later claimed the phone he took was not "in service" yet admitted taking the phone, again, to prevent Maria from calling 911. (T. 172-173). In short, the State established appellant committed the conduct prohibited by R.C. 2909.04(A)(1): he took the phone from Maria, and slapped it away from A.A., breaking it and preventing them from calling police. The victims were at least temporarily delayed in seeking emergency assistance until they could get to the truck outside and retrieve a working phone.

{¶21} We have reviewed the record and are satisfied that the jury did not lose its way in resolving any conflicts in the evidence. Appellant's conviction for one count of disrupting public services is supported by evidence in the record.

{¶22} Appellant's sole assignment of error is overruled.

By: Delaney, P.J.

Hoffman, J. and

Farmer, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

PAD:kgb

[Cite as *State v. Galindo*, 2012-Ohio-3626.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MIGUEL VALENTIN GALINDO | : | |
| | : | |
| | : | Case No. 2011CA00258 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER