[Cite as *State v. Singleton*, 2018-Ohio-5225.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 28457 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TIMOTHEUS D. SINGLETON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2016 05 1532 |

## DECISION AND JOURNAL ENTRY

Dated: December 26, 2018

CALLAHAN, Judge.

{¶1} Appellant, Timotheus Singleton, appeals his conviction for robbery. This Court affirms.

I.

{¶2} One day in April 2016, Mr. Singleton got into an argument with his girlfriend at the apartment that they shared. According to his girlfriend's recollection, Mr. Singleton collected his X-box game console as he left the apartment, but forgot to take the game controller. When he tried to reenter the apartment to retrieve it, she refused to let him enter. Mr. Singleton kicked in the door and entered the apartment nonetheless. A physical altercation then ensued between the two on the front lawn. Mr. Singleton took his girlfriend's mobile phone, which had fallen to the ground during the scuffle, and left the scene.

{¶3} Mr. Singleton was charged with one count of robbery, a violation of R.C. 2911.02(A)(2), and he waived his right to a trial by jury. The trial court found him guilty and

sentenced him to six years in prison. This Court granted Mr. Singleton leave to file a delayed appeal, but dismissed his appeal because he failed to file an appellate brief. Mr. Singleton filed an application to reopen this appeal pursuant to App.R. 26(B), alleging that his appellate counsel was ineffective by virtue of failing to file the appellate brief. This Court granted the application for reopening, and the appeal is before this Court on the briefs filed by both parties.

II.

**ASSIGNMENT OF ERROR NO. 1**

APPELLANT'S CONVICTION FOR ROBBERY IS UNCONSTITUTIONAL AS IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE [AND] IS BASED ON INSUFFICIENT EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL.

{¶4} Although framed as challenges to the sufficiency and weight of the evidence supporting his conviction, the substance of Mr. Singleton's assignments of error argue only that his conviction for robbery is based on insufficient evidence. Specifically, Mr. Singleton has argued that the State failed to prove that he used or threatened the immediate use of force while committing the offense or fleeing immediately after committing it.

{¶5} Mr. Singleton was charged with robbery in violation of R.C. 2911.02(A)(2), which provides that "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another." R.C. 2911.01(A)(3), on the other hand, provides that "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or

offense, shall * * * [u]se or threaten the immediate use of force against another." Mr. Singleton was neither charged with nor convicted of violating R.C. 2911.02(A)(3), so the State was not required to prove that he used or threatened the immediate use of force in connection with the offense. Mr. Singleton has not argued that the State failed to produce sufficient evidence to support his conviction under R.C. 2911.02(A)(2), and this Court declines to construct such an argument on his behalf. *See State v. Jacobs*, 9th Dist. Summit No. 27545, 2015-Ohio-4353, ¶ 33.

{¶6} Mr. Singleton's first and second assignments of error are overruled.

### III.

{¶7} Mr. Singleton's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ADAM VANHO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.