[Cite as *State v. Sadeghi*, 2016-Ohio-744.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     14AP0051 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ARDALAN SADEGHI | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No.     2014 TR-D 006890 |

DECISION AND JOURNAL ENTRY

Dated: February 29, 2016

WHITMORE, Judge.

{¶1}    Appellant, Ardalan Sadeghi, appeals from his conviction in the Wayne County Municipal Court for speeding in violation of R.C. 4511.21(C).[1]  We affirm.

I

{¶2}    Appellant was charged with speeding in violation of R.C. 4511.21(C) for driving 83 miles per hour in a 60 miles per hour zone.  He pled not guilty at arraignment.

{¶3}    A bench trial was held.  At trial, Trooper Ondick of the Ohio State Highway Patrol testified for the State.  He testified that he visually estimated Appellant's speed to be approximately 80 miles per hour.  He used a lidar (laser) speed measuring device to measure Appellant's speed at 83 miles per hour.[2]  Trooper Ondick identified the lidar device as "laser

---

[1] Appellant's name is spelled multiple different ways in the trial court record.  In this decision we have chosen the spelling that Appellant used in his assignments of error.

[2] A lidar is a device that is similar in operation to radar, but emits pulsed laser light instead of microwaves.  *See Merriam-Webster's Collegiate Dictionary* 717 (11th Ed.2004).

number seven", manufactured by "UltraL[y]t[e]", but he did not identify the specific model of the lidar.

{¶4}    At trial, the State requested that the court take judicial notice of the scientific dependability of the lidar device. The court took judicial notice of the device. Appellant did not object to judicial notice at trial.

{¶5}    Trooper Ondick testified that he has been trained by the Ohio State Highway Patrol in the theoretical and practical aspects of the lidar. He passed a proficiency test as part of his training that required him to use the lidar to accurately measure vehicular speed.

{¶6}    Appellant testified on his own behalf at trial. He generally disputed Trooper Ondick's account of the facts.

{¶7}    The court found Appellant guilty of violating R.C. 4511.21(C). The court imposed costs and a $100 fee, and assessed two points to Appellant's license. Appellant paid the costs and fee. Appellant now raises four assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING SADEGHI'S SPEEDY TRIAL.

{¶8}    As a threshold matter, we address the State's claim that this appeal is no longer ripe for review. The State argues that Appellant satisfied the judgment when he paid the fine and costs assessed against him, and thus mooted the appeal. We disagree.

{¶9}    An appeal from a misdemeanor sentence is moot if the defendant voluntarily satisfied the judgment, unless the defendant (1) requested a stay of the sentence pending appeal or (2) would suffer some collateral disability or loss of civil rights if the appeal was not considered. *See State v. Pedraza*, 9th Dist. Lorain No. 09CA009706, 2010-Ohio-4284, ¶ 25.

The Supreme Court of Ohio has held that the "imposition of points on a traffic offender's driving record is a statutorily imposed penalty sufficient to create a collateral disability as the result of the judgment and preserves the justiciability of an appeal even if the offender has voluntarily satisfied the judgment." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, syllabus.

{¶10} Here, the court assessed two points to Appellant's license. Thus, Appellant suffered a collateral disability as result of the sentence. Accordingly, the appeal is not moot, even though Appellant satisfied the judgment imposed. *See id.*

{¶11} Having determined that the appeal is not moot, we turn to Appellant's first assignment of error. In this assignment of error, Appellant argues that the trial court violated his right to a speedy trial. We disagree.

{¶12} Appellant did not raise his speedy trial claim in the trial court. "An appellant cannot, for the first time, raise the issue of the denial of a speedy trial in the court of appeals." *State v. Myers*, 9th Dist. Lorain No. 89CA004715, 1990 WL 131577, *4 (Sept. 12, 1990), citing *Worthington v. Ogilby*, 8 Ohio App.3d 25 (10th Dist.1982). Because Appellant's failure to raise the speedy trial issue before the trial court precludes us from reviewing whether a speedy trial violation occurred, Appellant's first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT ERRED TO SADEGHI'S PREJUDICE IN DENYING CERTAIN RELEVANT DISCOVERY REQUESTS THAT COULD HAVE BEEN USED TO IMPEACH THE CREDIBILITY OF THE OFFICER AND THE RELIABILITY OF THE SPEED MEASURING DEVICE EMPLOYED AS THE BASIS FOR THE TRAFFIC STOP AND CITATION GIVEN TO DEFENDANT.

{¶13} In his second assignment of error, Appellant contends that the trial court committed error when it "den[ied] certain relevant discovery requests that could have been used to impeach" Trooper Ondick and challenge the reliability of the lidar. We disagree.

{¶14} A trial court's resolution of discovery issues in criminal matters is reviewed for an abuse of discretion. *State v. Lough*, 9th Dist. Summit No. 21547, 2004-Ohio-596, ¶ 11. Under this standard, we determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, we may not substitute our judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶15} Appellant appears to argue that the court erred when it did not exclude Trooper Ondick's testimony based on the lidar device as a sanction for the State's failure to produce a manual and maintenance records for the lidar that Appellant had requested during discovery. At trial, the State informed the trial court that it did not have any such records. The court overruled Appellant's objection to Trooper Ondick's testimony, stating that "[the] documents that you requested are not available."

{¶16} Ohio Crim.R. 16 governs discovery in criminal cases. In part, the rule provides that "[u]pon receipt of a written demand for discovery by the defendant", the prosecutor shall provide, or make available to be copied or photographed, "books, papers, [and] documents" that are "material to the preparation of a defense." Crim.R. 16(B)(3). Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that: (1) the prosecution's failure to disclose was a willful violation of the rule; (2) knowledge of the information would have benefited the accused in the preparation of the defense; and (3) the accused suffered some prejudicial effect. *State v. Joseph*, 73 Ohio St.3d 450, 458 (1995).

{¶17} Here, Appellant cannot show a willful violation of Crim.R. 16. The rule "requires the state to produce only items in the prosecutor's custody * * *." *See State v. Luskin*, 9th Dist. Lorain No. 90CA004766, 1990 WL 203479, *2 (Dec. 12, 1990). The trial court found that the

discovery materials in question were not within the State's custody. Appellant has not suggested that the State actually possessed the discovery, or that it was otherwise available to the State. Under the circumstances, the trial court did not abuse its discretion when it found that "[the State is] not required to produce something [it doesn't] have." Appellant's second assignment of error is overruled.

Assignment of Error Number Three

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING SADEGHI GUILTY OF VIOLATING R.C. 4511.21(C).

{¶18} In his third assignment of error, Appellant argues that the evidence before the trial court was insufficient to sustain his conviction. This argument lacks merit.

{¶19} Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). To determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court inquires whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). A challenge to the sufficiency of the evidence is a claim that the state did not meet its burden of production on an essential element of proof. *State v. Gulley*, 9th Dist. Summit No. CA19600, 2000 WL 277908, *1 (March 15, 2000), citing *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring). In evaluating sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution. *Jenks* at 273.

{¶20} R.C. 4511.21(C) generally prohibits an individual from operating a motor vehicle in excess of a speed limit. To sustain a conviction for speeding when the officer clocked the motorist with a speed detection device, the prosecution must prove three things: (1) radar or lidar devices are scientifically accepted as dependable for their purpose; (2) the particular unit was in

good working order; and (3) the officer using the device was qualified to do so. *See State v. Maher*, 9th Dist. Medina No. 2416-M, 1995 WL 553262, *1 (Sept. 20, 1995), citing *East Cleveland v. Ferell*, 168 Ohio St. 298, 301 (1958); *State v. Jamnicky¸* 9th Dist. Wayne No. 03CA0039, 2004-Ohio-324, ¶ 7.

{¶21} With respect to proof of scientific acceptance of dependability, Appellant argues that the evidence was insufficient to sustain a speeding conviction because the trial court took improper judicial notice of the scientific reliability of the lidar device. Appellant's argument appears to be that, without the improper judicial notice, there was no evidence of scientific reliability.

{¶22} The Supreme Court of Ohio has held that an appellate court must consider all of the evidence presented by the State in evaluating the sufficiency of the evidence, even if the evidence was improperly admitted by the trial court. *See State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 19, citing *Lockhart v. Nelson*, 488 U.S. 33, 34 (1988). Thus, even assuming *arguendo* that the judicial notice was improper, we consider the judicially noticed evidence in evaluating Appellant's insufficiency claim. Taking into account that the judicial notice was of the scientific reliability of the lidar, the State satisfied its duty of production on the element of scientific reliability. Accordingly, the alleged improper judicial notice does not support Appellant's claim of insufficiency of the evidence. We note that, apart from Appellant's challenge to the sufficiency of the evidence, Appellant has not brought an assignment of error to argue that the trial court committed reversible error when it took judicial notice of the lidar device. Thus, we will not consider whether the judicial notice was improper, or whether reversal is warranted on that basis.

{¶23} Appellant further claims that the evidence was insufficient to sustain a conviction of speeding because the State failed to produce evidence that Trooper Ondick was qualified to use the lidar device. Specifically, Appellant argues that evidence of Trooper Ondick's training was insufficient because the State did not prove that he was trained on the particular model of UltraLyte laser that the trooper used.

{¶24} Trooper Ondick testified extensively regarding his training to use lidar technology to measure vehicular speed. He testified that he completed 22 weeks of military-academy-like training at the Ohio State Highway Patrol academy. This training included speed enforcement, and, specifically, training on lidar and radar technology. Trooper Ondick completed classroom work on the "history and principles" of the lidar and radar. He also completed hours of practical training, one component of which consisted of riding with a training officer who instructed him on the use of lidar devices. Trooper Ondick passed a proficiency exam that required him to use lidar in the presence of a training officer to accurately measure vehicle speed. Trooper Ondick testified that he was required to renew his training in lidar technology during a week-long course every year. His training was current at the time of trial.

{¶25} At trial, Appellant cross examined Trooper Ondick regarding the trooper's certificate of training, which showed that some of the trooper's training had been on UltraLyte lidar devices. Trooper Ondick was uncertain whether any of the UltraLyte devices listed on his training certificate were the same model as laser number seven. Nonetheless, Appellant does not argue or cite any authority to support that the underlying technology or method of operation is significantly different between different models of laser devices, and particularly between different lidars with the same manufacturer. On the basis of Trooper Ondick's testimony that he

was extensively trained in lidar technology, we find that the State presented sufficient evidence to demonstrate that Trooper Ondick was qualified to use the lidar device in this case.

{¶26} Appellant also argues that the evidence at trial was insufficient to convict him of speeding because "[a] visual estimate of speed, by itself, is not legally sufficient to prove a violation of R.C. 4511.21." R.C. 4511.091(C)(1) provides that, with exceptions not applicable here, a conviction for speeding cannot be maintained "based on a peace officer's unaided visual estimation of the speed of a motor vehicle * * *." However, Appellant's conviction was based on the lidar reading as corroborated by the trooper's visual estimation of speed. Thus, contrary to Appellant's suggestion, his conviction was not impermissibly based on an "unaided" visual estimation.

{¶27} Appellant further contends that Trooper Ondick's "visual observation does not match the video recording of the incident." We note that this argument sounds more in manifest weight of the evidence, rather than sufficiency of the evidence, because it asks the court to evaluate Trooper Ondick's credibility and the trial court's resolution of conflicts in the evidence. *See State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986) (explaining what an appellate court must do to determine whether a conviction is against the manifest weight of the evidence). Regardless, there is no video recording in the record, nor was there any reference to a video recording at trial. This Court cannot find that the trial court committed error on the basis of video evidence not in the record.

{¶28} Appellant makes cursory reference to other purported deficiencies in the trial court record, but fails to explain how any of the issues he attempts to raise establish that the evidence at trial was insufficient to sustain his conviction. When an appellant fails to develop an argument that is the basis of the appeal, "we will not construct a foundation for [an appellant's]

claims." (Alterations sic.) *See Glenmoore Builders, Inc. v. Smith Family Trust*, 9th Dist. Summit No. 24299, 2009-Ohio-3174, ¶ 30, quoting *Catanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009-Ohio-1211, ¶ 16. Because Appellant fails to develop these arguments, we will not address them. *See Glenmoore Builders, Inc.* at ¶ 30.

{¶29} Viewing the evidence in a light most favorable to the prosecution, we find that the evidence presented by the State was sufficient to sustain Appellant's conviction for speeding. On this basis, Appellant's third assignment of error is overruled.

Assignment of Error Number Four

THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶30} In his fourth assignment of error, Appellant argues that his conviction is against the manifest weight of the evidence. We disagree.

{¶31} In determining whether a conviction is against the manifest weight of the evidence an appellate court:

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*Otten*, 33 Ohio App. 3d at 340. Weight of the evidence concerns whether a greater amount of credible evidence supports one side of the issue than supports the other. *Thompkins*, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, "the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.*, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). Therefore, the Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the

conviction." *State v. Browning*, 9th Dist. Summit No. 26687, 2013-Ohio-2787, ¶ 14, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

**{¶32}** In support of his manifest weight argument, Appellant states that:

The trooper [sic] visual estimation is in doubt and not justified for conviction. Trooper has no training specific to 'Laser number seven.' The scientific reliability of Laser number seven is questionable.

Appellant fails to undertake a manifest weight of the evidence argument, however. Instead he cites the standard for evaluating sufficiency of the evidence. He goes on to restate the sufficiency arguments set forth in his previous assignment of error. We will not develop Appellant's manifest weight of the evidence argument for him. *See Glenmoore Builders, Inc.*, 2009-Ohio-3174 at ¶ 30.

**{¶33}** In this case, the trial court heard all of the evidence and found the testimony that Trooper Ondick gave at trial more credible than Appellant's testimony. Having reviewed the record, we find that this is not the exceptional case where the factfinder lost its way and created a manifest miscarriage of justice. *See Otten* at 340. Accordingly, there are no grounds to conclude that Appellant's conviction for speeding was against the manifest weight of the evidence. Appellant's fourth assignment of error is overruled.

III

**{¶34}** Appellant's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ARDALAN SADEGHI, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.