[Cite as *State v. Smith*, 2016-Ohio-7278.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 27877 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID H. SMITH | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014 02 0301 |

DECISION AND JOURNAL ENTRY

Dated: October 12, 2016

WHITMORE, Judge.

**{¶1}** Appellant, David H. Smith, appeals his conviction for inducing panic from the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** In January 2014, Deputy Michael Hawsman of the Summit County Sheriff's Office went to David Smith's home to execute a writ of possession. According to Deputy Hawsman, Mr. Smith answered the door and indicated that he knew the eviction was coming. Mr. Smith then denied Deputy Hawsman entrance to his home, became irate, slammed the storm door, retreated into his home, and advised Deputy Hawsman that he had a gun. The main door remained open, allowing Deputy Hawsman a limited view of the inside Mr. Smith's home. Deputy Hawsman ordered Mr. Smith to return to the front door and to show his hands, which Mr. Smith refused to do.

{¶3}    Deputy Hawsman radioed for assistance and several units from the Macedonia Police Department and Summit County Sheriff's Office arrived.  The officers established a perimeter around the house and called in the SWAT team for further assistance.  Police blocked off the roadway, rerouted traffic, notified local schools of the situation and directed them to reroute buses, and advised neighbors to either evacuate their homes or retreat to their basements.  SWAT team crisis negotiators made several attempts to contact Mr. Smith, but to no avail.  There was, however, limited communication between Mr. Smith and officers stationed near the front door of his home, but the record is unclear as to what those communications entailed.  More than seven hours after the ordeal began, officers apprehended Mr. Smith without incident and discovered two loaded handguns inside his home.

{¶4}    A grand jury indicted Mr. Smith on one count of inducing panic in violation of Revised Code Section 2917.31(A)(3) and the case proceeded to a jury trial.  The jury returned a verdict of guilty and the trial court sentenced Mr. Smith to one year of community control with jail time suspended.  Mr. Smith has appealed, raising three assignments of errors for our review.

II.

ASSIGNMENT OF ERROR I

BECAUSE THE INDICTMENT FOR INDUCING PANIC FAILED TO EXPRESSLY STATE A PREDICATE OFFENSE, THE TRIAL COURT ERRED IN NOT GRANTING THE MOTION TO DISMISS.

{¶5}    In his first assignment of error, Mr. Smith argues that the trial court erred by denying his oral motion to dismiss at trial.  Mr. Smith made his oral motion during the State's case-in-chief, and based it on the fact that the indictment did not include the predicate offense of obstructing official business.

{¶6} Criminal Rule 12(C)(2) provides that objections based on defects in the indictment must be made prior to trial. *See State v. Lee*, 9th Dist. Lorain No. 08CA009504, 2009-Ohio-4617, ¶ 21 (citing Criminal Rule 12 and stating that "challenges to the sufficiency of an indictment must be made prior to the commencement of trial."). There is no dispute that Mr. Smith did not challenge the indictment prior to the commencement of trial. The record does reflect, however, that Mr. Smith was aware that the State intended to pursue the predicate offense of obstructing official business prior to trial. As the Ohio Supreme Court has stated, "failure to timely object to a defect in an indictment constitutes a waiver of the error." *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, ¶ 46, citing Crim.R. 12(C)(2). Because Mr. Smith failed to timely object to the alleged defect in the indictment, he has forfeited that issue for purposes of this appeal. Accordingly, Mr. Smith's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

IT WAS PREJUDICIAL ERROR TO DAVID H. SMITH FOR THE TRIAL COURT TO OVERRULE HIS RULE 29 MOTION FOR DIRECTED A[C]QUITTAL.

{¶7} In his second assignment of error, Mr. Smith argues that the trial court erred by not granting his motion to dismiss pursuant to Criminal Rule 29. We disagree.

{¶8} This Court reviews the denial of a Criminal Rule 29 motion by assessing the sufficiency of the evidence. *State v. Seabeck*, 9th Dist. Summit No. 25190, 2011-Ohio-3942, ¶ 6. Sufficiency tests whether the prosecution presented adequate evidence for the case to go to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶9} Revised Code Section 2917.31 governs the crime of inducing panic and provides that "[n]o person shall cause * * * serious public inconvenience or alarm, by * * * [c]ommitting any offense, with reckless disregard of the likelihood that its commission will cause serious public inconvenience or alarm." R.C. 2917.31(A)(3). "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶10} Mr. Smith argues that the State presented no evidence demonstrating that his conduct caused serious public inconvenience or alarm. Our review of the record indicates that the State presented testimony from several law enforcement officers establishing that, as a result of Mr. Smith's failure to comply with police orders, police blocked off the roadway, rerouted traffic, notified local schools of the situation and directed them to reroute buses, and advised neighbors to either evacuate their homes or retreat to their basements. Mr. Smith does not dispute that these events occurred. Rather, he argues that factually similar case law holds that these events do not rise to the level of causing "serious public inconvenience or alarm" and that the State was required to present evidence from a member of the public (i.e., non-law enforcement) that was actually inconvenienced.

{¶11} The case law that Mr. Smith cites, however, is unpersuasive. For example, Mr. Smith cites the Fifth District's decision in *State v. Wetherby* as having a "very similar fact pattern," which resulted in the appellate court reversing the defendant's conviction for inducing panic on the basis that the State presented insufficient evidence. *State v. Wetherby*, 5th Dist. Licking No. 12-CA-69, 2013-Ohio-3442, ¶ 41. While *Wetherby* does contain some factual similarities (i.e., it involved a homeowner's standoff with police after officers attempted to issue

a writ of possession), the decision indicates that the only evidence presented with respect to "serious public inconvenience or alarm" was the fact law enforcement responded to the situation. *Id.* at ¶ 40. In reversing the defendant's conviction, the Fifth District held that "[o]fficers acting in their official capacity could not have been inconvenienced within the contemplation of R.C. 2917.31(A), simply because they had responded to the residence, as their duties required them to do." *Id.*

{¶12} Here, the evidence went far beyond mere inconvenience to law enforcement. As previously noted, police blocked off the roadway, rerouted traffic, notified local schools of the situation and directed them to reroute buses, and advised neighbors to either evacuate their homes or retreat to their basements. This Court's decision in *State v. Pleban* presented similar facts. 9th Dist. Lorain No. 10CA009789, 2011-Ohio-3254. There, the defendant barricaded himself in his home and threatened to kill himself and his dogs. The police and SWAT team established a perimeter around his home, blocked off the roadway, directed schools to reroute buses, rerouted traffic, and directed neighbors to either evacuate their homes or to not leave their homes. *Id.* at ¶ 23-28. While the facts differ in that the defendant "threaten[ed] to kill anyone who came to his door[,]" threatening to commit an offense of violence is not required under Section 2917.31(A)(3). *Id.* at ¶ 23. *But see* R.C. 2917.31(A)(2) ("No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by * * * [t]hreatening to commit any offense of violence[.]"). In light of this evidence, we held that sufficient evidence existed to establish that the defendant committed the offense of inducing panic. *Id.* at ¶ 28.

{¶13} Further, to the extent that Mr. Smith argues that the State was required to present evidence from a member of the public who was inconvenienced by his actions, he has failed to

direct this Court to any authority specifically requiring same. *See* App.R. 16(A)(7). Viewing the evidence in a light most favorable to the prosecution, we hold that a rational trier of fact could have found the essential elements of inducing panic proven beyond a reasonable doubt. Accordingly, Mr. Smith's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE CONVICTION FOR INDUCING PANIC IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED.

{¶14} In his third assignment of error, Mr. Smith argues that his conviction was against the manifest weight of the evidence. While sufficiency of the evidence deals with the burden of production, manifest weight deals with the burden of persuasion. *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant challenges the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis sic.) *Thompkins* at 387, quoting *Black's Law Dictionary* 1594 (6th Ed.1990). The power to grant a new trial is reserved for exceptional cases in which the evidence weighs heavily against the conviction. *Otten* at 340.

{¶15} In support of his argument that his conviction was against the manifest weight of the evidence, Mr. Smith argues that the police made "a mountain out of a molehill," noting that he did not threaten the police, nor did he brandish a gun. There is no dispute, however, that Mr. Smith told Deputy Hawsman that he had a gun and refused to comply with Deputy Hawsman's

requests to show his hands, which caused the situation to escalate. Notably, Mr. Smith did not present any evidence demonstrating that the law enforcement officers acted unreasonably under the circumstances.

{¶16} Mr. Smith further argues that the State failed to present reliable or credible evidence to support a conviction for inducing panic, but has not indicated which evidence he believes is unreliable or lacking credibility. *See* App.R. 16(A)(7). Having reviewed the record, we cannot say that this is the exceptional case where the evidence presented weighs heavily in favor of Mr. Smith and against conviction. Mr. Smith's third assignment of error is overruled.

III.

{¶17} Mr. Smith's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                       _____

                                                       BETH WHITMORE
                                                       FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

BRIAN J. WILLIAMS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.